# THE CAPITAL TRACTION COMPANY *v.* LUSBY.

---

STREET RAILWAYS; NEGLIGENCE; HUSBAND AND WIFE;
EVIDENCE.

1. When a street railway train has stopped to let off or take on passengers, a train on the reverse course should never be allowed to pass the stopping train, except it be on such caution and noticeable signals as are reasonably calculated to avoid the possibility of injury to passengers.
2. The principle of look and listen, of general application in cases of steam railroad crossings, can hardly be applied in its strict sense to the crossing of a street railroad.
3. In an action by a husband and wife to recover damages for injuries to the wife caused by the alleged negligence of the defendant, the wife is a competent witness, under Sec. 876, R. S. D. C.

No. 754.  Submitted January 18, 1898.  Decided March 8, 1898,

HEARING on appeal by the defendant from a judgment on verdict in the action to recover damages for personal injuries.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Enoch Totten, Mr. J. S. Flannery* and *Mr. W. D. Davidge* for the appellant:

1. The plaintiff's negligence in failing to look and listen for the approaching train was the sole cause of her injury, and the court should have instructed the jury to return a

verdict for the defendant. *Buzby* v. *Traction Co.*, 126 Pa. St. 559 ; *Smith* v. *Railway Co.*, 46 Pac. R. 136 ; *Helms* v. *Traction Co.*, 84 Md. 515.

Even where there is a rule and custom of an electric street railway that when a car is standing at a street crossing or station, an approaching car must not pass, but come to a full stop, the plaintiff who has just got off of one of the defendant's cars is not absolved from the duty of looking for an approaching car before attempting to cross an intervening track. *Doyle* v. *Railway Co.*, 39 N. Y. Supp. 440. See, also, *Bailey* v. *Railroad Co.*, 110 Cal. 320; *Miller* v. *Railway Co.*, 42 Minn. 454; *Schreiner* v. *Railroad Co.*, 5 Mo. App. 596; *Davenport* v. *Railroad Co.*, 100 N. Y. 632 ; *McQuade* v. *Railroad Co.*, 39 N. Y. Supp. 335 ; *Rauscher* v. *Traction Co.*, 176 Pa. 349 ; *Watson* v. *Railroad Co.*, 133 Mo. 246; *Hurdle* v. *Railroad Co.*, 8 App. D. C. 120.

2. The general rule applicable alike to general traffic roads and street railways, that all parts of their stations, platforms, and the approaches thereto must be kept in a safe condition, cannot be extended so as to include the public street in which passengers are received and discharged, and over which the street railway company has no control. The street is in no sense a passenger station for the safety of which the company is responsible. When a passenger steps from a car upon the highway and thus terminates his relations and rights as a passenger, the company is not responsible to him, as a carrier, for the condition of the street, or for his safe passage from the car to the sidewalk. Booth on Street Railways, Sec. 326, p. 445; *Creamer* v. *Railroad Co.*, 156 Mass. 320; *Platt* v. *Railroad*, 2 Hun, 124.

3. A wife is not a competent witness in a cause to which her husband is a party, and in the result of which he is interested. The wife in this case was the injured party, and the action was brought in the name of herself and her husband. In such a case the husband is the real party in

interest. *Howard* v. *R. Co.*, 11 App. D. C. 300; *Kaime* v. *Omro*, 49 Wis. 371.   See also *Whitehead* v. *Foley*, 28 Tex. 268.   According to the common law the wife would not have been a competent witness in this case.

The act of Congress of July 2, 1864, which says that there shall be no exclusion of any witness in civil actions because he is a party to, or interested in, the issue tried, does not give a wife capacity to testify in favor of her husband. *Lucas* v. *Brooks*, 18 Wallace, 436.   Where the husband is interested in the event of a suit, the testimony of a wife is properly excluded. *McGrath* v. *Miller*, 61. Ill. App. 497; *Farrell* v. *Ledwell*, 21 Wis. 184; *Pyle* v. *Moulding*, 7 J. J. Marsh. 202; *Labaree* v. *Wood*, 54 Vt. 452; *Young* v. *Gilman*, 46 N. H. 484; *Smith* v. *Railroad*, 46 N. H. 484.

We have in force in this District two statutes which became laws on the same day.   One of them, by its terms, is applicable only in this District.   The other is universally applicable throughout the United States.   The statute relating exclusively to this District now constitutes sections 876 and 877 of the Revised Statutes, relating to the District of Columbia.   Section 877 contains several specific exceptions to the operation of section 876, but they do not comprise all the exceptions thereto.   At least one additional exception was created and engrafted upon it by the general statute before mentioned, being section 858 R. S. U. S.   This statute was held to be in full force in this District in the case of *Page* v. *Burnstine*, 102 U. S. 664, and therefore these two acts must be construed together.   It was further held in the case of *Lucas* v. *Brooks*, 18 Wall. 453, that section 858 did not render the testimony of a wife competent where the husband was a party in a civil action.   When these two statutes are taken together, and when it is remembered that it is settled that section 858 does not permit wives to testify in favor of or against their husbands in civil cases, notwithstanding the strong and comprehensive language of the act, there can be seen no sound reason for putting a different construction

upon sections 876 and 877.   It was not the intention of the law making power to interfere with the relation between husband and wife by these enactments.   They must each be interpreted so as to give full effect to all the provisions, and, so far as can be, to hold them consistent.

*Mr. Thomas C. Taylor* and *Mr. Andrew Y. Bradley* for the appellees:

1. If a married woman receive personal injuries through the carelessness of a stranger, there arise thereby two causes of action: the one accruing to the husband for the loss of services of the wife and for moneys expended for drugs and medical attention; the other to husband and wife jointly for the personal suffering of the wife.   The wife is a necessary party to the latter action, which in the event of the death of her husband would survive to her, but which at her death would not survive to him but would abate.   1 Chitty Pleading (11 Am. Ed.), *73; *Matthew* v. *Railroad,* 63 Cal. 450; *Sheldon* v. *Uncle Sam,* 18 Cal. 527; *Fuller* v. *Railroad,* 21 Conn. 569; *Snell* v. *Westport,* 9 Gray, 321.

The testimony of the female plaintiff was properly admitted, under Secs. 876, 877, R. S. D. C.   She was a party— an interested necessary party—to the action; her testimony was not sought to be introduced "in any criminal proceeding or in any proceeding instituted in consequence of adultery," nor for the purpose disclosing "any communication made to her by her husband during the marriage."   Her testimony dealt solely with the circumstances leading up to and immediately connected with the injuries which she received to her person.   By no possible contortion of reasoning can its admission be considered as against public policy or as tending to violate the sanctity of the marital relation. See *Hopkins* v. *Grimshaw,* 165 U. S. 351, approving *Beale* v. *Brown,* 6 Mack. 574.

Decisions in New York and Massachusetts based upon statutes similar to that in force here in the District are *Marsh*

v. *Potter,* 30 Barb. 506; *Hooper* v. *Hooper,* 43 Barb. 292; *Snell* v. *Westport,* 9 Gray, 321; *Barton* v. *Gledhill,* 12 Abb. Pr. R. 246; *Shoemaker* v. *McKee,* 19 How. Pr. R. 86. See, also, *Smith* v. *Cook,* 10 App. D. C. 487; *Stickney* v. *Stickney,* 131 U. S. 227.

2. That the relation of carrier and passenger existed at the time of the accident is shown by the fact that, after obtaining a transfer, the plaintiff continued her journey on the defendant's Seventh street line. Transfers are not issued to trespassers or strangers, but to those who, having parted with a consideration, sustain thereby a contractual relation to the party issuing them. No new or additional consideration is given or demanded for such a ticket, and when given it is merely a certificate to the effect that the party in whose possession it is found has parted with the consideration demanded, and is entitled to be transported to any regular stopping point upon the line to which he has been transferred. *Railroad Co.* v. *State,* 60 Md. 463; *Parson* v. *Railroad Co.,* 113 N. Y. 362; *Railroad Co.* v. *Shean,* 18 Colo. 370; *Railroad Co.* v. *Hodgson,* 18 Colo. 122; Cooley on Torts, *645.

The appellant, by placing its transfer station in such a position, not only invited but compelled those passengers who desire a transfer, and who are traveling on a west-bound Avenue car or a north-bound Seventh street car, to cross an intervening track in order to obtain it; and by virtue of the fact that while making this necessary transit they continue to sustain toward the carrier the relation of passenger, the carrier is responsible for the least carelessness of its employees, and is bound to exercise the highest degree of care which under the circumstances is possible. Cooley on Torts (2d Ed.), 768; *Stokes* v. *Saltonstall,* 13 Pet. 190; *Railroad Co.* v. *White,* 88 Pa. St. 333; *Brussell* v. *Railroad Co.,* 84 N. Y. 246; *Railroad Co.* v. *Anderson,* 72 Md. 529; *Klein* v. *Jewett,* 27 N. J. Eq. 550; *Wheelock* v. *Railroad Co.,* 105 Mass. 208.

Even if the conduct of Mrs. Lusby, in attempting to cross the tracks of the appellant without first having looked and

listened, were adjudged negligent, such negligence would not defeat her right of action for the injuries received— "if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence." *Railway Co.* v. *Ives*, 144 U. S. 429.

By leave of court, *Mr. J. Coleman* submitted a brief in support of the competency of the female plaintiff as a witness on the trial of the cause.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an action by husband and wife for a personal injury to the wife, occasioned, as it is alleged, by the negligence of the employees of the defendant railroad company. Mrs. Jane Lusby, the female plaintiff, was a passenger on the defendant's street railway, running in a westward direction on Pennsylvania avenue in the city of Washington, and when the train reached the corner of Seventh street and Pennsylvania avenue, west, the plaintiff alighted at the customary place where persons alight for the purpose of making transfer to the street car on Seventh street, also owned by the defendant, and she was struck, knocked down and injured by an east bound train, passing at the time, and immediately after she had gotten out of the car, and was in the act of crossing over the south side tracks in order to get to the transfer station on the corner of the street. Whether she got out of the car in which she was riding on the north side and went around the front end of the car to the south side to cross over to the corner, or whether she got out on the south side, and was in the act of crossing over the tracks of the east bound train that was then in the act of passing, was a question about which the testimony was conflicting; but the jury have found, under special direction, that the plaintiff got off the car on the north side, and

of course she went around the train in order to make her way to the transfer station. That question, however, is quite immaterial on this appeal. The jury, under careful instructions by the court, have found, as the result of the whole evidence, that the injury complained of was caused by the negligence of the defendant's employees. The evidence was of a character that required the case to be submitted to the jury; and the questions both of the alleged negligence of the defendant and the supposed contributory negligence of the plaintiff, were fully and fairly submitted to the jury, under the instructions of the court. The negligence of the defendant consisted in the act of running an east bound train up to and passing a reverse course train, while the latter was discharging its passengers at a regular station. With the tracks of the two trains nearly approximating each other, with but a narrow space between the tracks, there is always danger to the passengers in getting off and on at such places while a train is passing, especially to those having to cross the adjacent tracks; and unless the trains are conducted with great care in thus passing each other at such places, serious consequences are liable to and do frequently occur. When a train has stopped to let off or take on passengers, a train on a reverse course should never be allowed to pass the stopping train, except it be on such caution and noticeable signals, as are reasonably calculated to avoid the possibility of injury to passengers. Every passenger is entitled to full protection against injury as far as human agency employed in the management of the cars can afford it, and especially is this care required while the passenger is getting on or making exit from the train. The passenger is entitled to this protective care of the railroad company until he or she is entirely free of danger from the movement of the cars on the tracks either way; assuming, of course, that the passenger is using reasonable care for his or her own safety and protection. However desirable rapid transit may be, it can only be lawfully accomplished in sub-

ordination to the strict observance of proper and safe rules and regulations for the security of life and limb of the public. The terms of the third instruction granted on request of the plaintiff, were, perhaps, too extensive, but the instruction was quite harmless, as there was no question as to where the accident occurred. It occurred on or between the railroad tracks of the defendant, and at a station where the plaintiff had just alighted from the car. The principle of look and listen, of general application in cases of steam railroad crossings, can hardly be applied in its strict sense to the crossing of a street railroad, and therefore it could have no proper application to cases like the present.

The court instructed the jury that if they found from the the evidence that the female plaintiff alighted from the west bound car for the purpose of obtaining a transfer ticket and continuing her journey on the defendant's road on Seventh street, and that, in order to do that, it was necessary fer her to cross the tracks of the east bound trains of the defendant; and that in doing this she used due care and caution on her part, under all the circumstances of the case, as shown in evidence, and that while she was crossing the east bound tracks she was struck by a car of the defendant going east, and injured; and that the defendant's employees might, by the use of proper care and caution on their part have avoided the accident, the plaintiffs were entitled to recover. And after granting a general instruction asked for by the plaintiffs, as to the degree of care required of the defendant's employees towards a passenger, the court proceeded to explain to the jury that the instruction given did not mean that the defendant insured the plaintiff against accident at all events, but that the defendant's agents should have used all care and caution of which human foresight was reasonably capable, under the circumstances of the particular case; and if the jury found that the defendant's agents exercised such care, the verdict should be for the defendant. And the court proceeded further to say, that

the degree of care required of the defendant did not justify the plaintiff in being careless; that it was her duty also to use reasonable care and caution to avoid an accident, and if the jury found from the evidence that the defendant's employees were guilty of negligence, and should also find that the plaintiff might have avoided the accident by the use of reasonable care on her part, then the verdict should be for the defendant. The jury were further instructed by the court, that whether the defendant was guilty of negligence, and whether the plaintiff was guilty of negligence contributory to the accident, were both questions of fact for their determination on the evidence before them; and that in order to find for the plaintiff they must find that the defendant was guilty of negligence, and that the plaintiff was guilty of no negligence contributory to the accident. And the court further, on request of the defendant, instructed the jury, that before they could find a verdict in favor of the plaintiffs, they must be satisfied by a preponderance of the evidence that the defendant was guilty of negligence and that such negligence was the *sole cause* of the injury to the female plaintiff; and that the burden of proof was upon the plaintiff to satisfy the jury that the defendant was guilty of negligence that caused the injury to the female plaintiff. These instructions were certainly as favorable to the defendant as it could reasonably require.

In addition to these iterations and reiterations of instructions and explanations as to the rules that should be observed by the jury in arriving at their verdict, the defendant obtained several other instructions; and altogether the case was placed most fully before the jury, with every qualification that could possibly avail or make for the defendant. There is nothing of which the defendant can complain, either because of the instructions granted, or because of refusal of prayers offered for instruction.

There remains to be considered a question of evidence that was raised on the trial. Mrs. Lusby, the female plain-

tiff, was placed upon the stand to prove the happening of the injury received by her, and the circumstances under which the accident occurred. But the defendant objected to her competency to testify in the case. If Mrs. Lusby had been the sole plaintiff, it is conceded, there would have been no ground for the objection; but inasmuch as her husband is a joint plaintiff with her, it is contended that she is incompetent to testify in his favor; and, therefore, she should be excluded altogether. The court ruled otherwise and allowed the wife to testify; and of the correctness of that ruling we entertain no doubt.

According to the principles of the common law, having regard to the relation of husband and, wife, the female plaintiff would not have been a competent witness to testify, in a case like the present, either for herself or for her husband. But she has been made competent as a witness in such case, by what appears to be a plain provision of an act of Congress of 1864, Ch. 222 (13 Stat. 374), now embodied in sections 876 and 877 of the Revised Statutes relating to the District of Columbia. Those sections are as follows:

"Sec. 876. On the trial of any issue joined, or of any matter or question, or on any inquiry arising in any suit, action or other proceeding in any court of justice in the District, or before any person having by law or by consent of parties, authority to hear, receive and examine evidence within the District, *the parties thereto,* and the persons in whose behalf any such action or proceedings may be brought or defended, *and all persons interested in the same,* shall, *except as provided in the following section,* be competent and compellable to give evidence, either *viva voce* or by deposition, according to the practice of the court, on behalf of any of the parties to the action or other proceeding.

"Sec. 877. Nothing in the preceding section shall render any person who is charged with an offense in any criminal proceeding competent or compellable to give evidence for or against himself;

"Or render any person compellable to answer any question tending to criminate himself;

"Or render a husband competent or compellable to give evidence for or against his wife, or a wife competent or compellable to give evidence for or against her husband, *in any criminal proceeding or in any proceeding instituted in consequence of adultery;*

"Nor shall a husband be compellable to disclose any communication made to him by his wife during the marriage, nor shall a wife be compellable to disclose any communication made to her by her husband during the marriage."

It is not pretended that the testimony of the wife in the present case was embraced in or in any manner violative of either of the two last exceptions, just recited, relating to husband and wife. These exceptions were intended to withdraw or except from the general provision contained in the preceding section, 876, the special cases mentioned in the exceptions, and nothing more. If not so, why enact the exceptions to the general enabling provisions at all? If the common law rule of incompetency of husband and wife to testify for or against each other had been intended to remain unaltered, notwithstanding the general enabling provision contained in section 876, why was it deemed necessary to enact or declare the exceptions to the general provision, which declared that *all parties to suits or actions, and all persons interested* in the same, shall be competent and compellable to testify? There would seem to be no reason or purpose in enacting the exceptions, if not to qualify or restrict the preceding general enabling provision of the statute; and so far as not qualified or restricted by the exceptions, we are clearly of opinion that the general enabling provision applies to and operates in actions by or against husband and wife as it does in actions by or against other parties; and that husbands and wives are competent to testify for and against each other, subject to the exceptions

provided in the statute. And this has been the accepted construction by the courts of this District since the passage of the statute, though sometimes questioned at the bar. *Beale* v. *Brown*, 6 Mackey, 574, 577; *Hopkins* v. *Grimshaw*, 165 U. S. 350, 351. In the case last mentioned, that of *Hopkins* v. *Grimshaw*, the precise question here presented was not there involved; but the Supreme Court appears clearly to have recognized and approved, in passing upon the question before them, the rulings and practice of the courts of this District under the statute. There may be cases, as that of *Page* v. *Burnstine*, 102 U. S. 664, that do not appear to be provided for in sections 876 and 877, the local law of this District, and in which section 858 of the Revised Statutes of the United States would be controlling; but the present is not one of such cases.

Finding no error in the rulings of the court, the judgment appealed from must be affirmed; and it is so ordered.

*Judgment affirmed.*